LAW OFFICES OF DONNA R. NEWMAN
20 VESEY STREET
SUITE 400
NEW YORK, NEW YORK 10007
TEL: (212) 229-1516
FAX: (212) 676-7497
EMAIL: donnanewmanlaw@aol.com

Admitted: NY & NJ

June 16,2016

<u>Via ECF and email</u>
The Honorable Lewis A Kaplan
United States District Court Judge
For the Southern District of New York
United States District Court
500 Pearl Street
New York, New York 10007

Re: *United States v. Parrish, Jonathon Cummings(34), et al*
    16cr212(LAK)

Dear Judge Kaplan:

     I am in receipt of the Government's letter dated June 16, 2016 submitted in opposition Mr. Cummings' request for a temporary modification of his bond to permit him to visit his mother during the July 4th holiday. This letter is submitted in further support of Mr. Cummings request for temporary amendment to conditions of bond to allow him to celebrate the July 4th holiday and his mother birthday at home. The Government in its letter has failed to demonstrate how Mr. Cummings under the terms proposed[1], whom they concede is a non-violent defendant, poses a threat to the Bronx community which the Government callously refers to as "gang territory[2]." *See* Government letter, Docket # 321 ("Gov't letter").

     To support their specious proposition of dangerousness, the Government offers excepts from Mr. Cummings 2012 face book page which they interpret as evidence that Mr. Cummings' support for gang violence. *See* Gov't Ltr at 2. Even if the Government's interpretation of the

---

[1] Mr. Cummings would remain under home detention with GPS monitoring with the exception of a few hours, when he would remain in the backyard, steps from the house, to participate in a family barbeque.

[2] Ms. Cummings has lived in her home, as many other members of this community, for many years and they do not consider their community as "gang territory." It is their home and Ms. Cummings, as her neighbors, takes pride in her home and in her community.

meaning of the July 2012 excepts of Mr. Cummings face book constituted compelling evidence of current dangerousness, which it is not, it would still not permit an inference that Mr. Cummings, in 2016, is a danger to the community if he returns to his mother's home under the terms proposed for a period of three days. The Government's gloss on the meaning, however, is completely wrong.  The news of Mr. Kemar Brooks death spread like wild- fire throughout the community and Mr. Cummings, then no more than 16 years old, like many who wrote on face book of the incident, expressed disdain for the incident-not support.

    We likewise dispute the Government's gloss on the conversation they report as evidence that Mr. Cummings was setting up a drug transaction. *See* Gov't Ltr. at 1.  In any event, there is absolutely no evidence that Mr. Cummings continued to engaged in any narcotic transactions since his arrest. And perhaps as significant, there is no evidence the Mr. Cummings has access to any other source for narcotics or the inclination to engage in any transaction. This same evidence was proffered to the Magistrate at the bail detention hearing. The Court considered the Government's  proffer but found there were bail conditions to reasonable assure the safety of the community. The Government did not appeal this decision.

    Perhaps in desperation, the Government suggests, Mr. Cummings must be considered a threat to his community because his brother Calvin Cummings was arrested in March 2016 for a gun related offense. *See* Gov't Ltr pg. 2. The Government fails to inform the Court that the charges against Mr. Cummings for the alleged shooting of the mother of his child, were dismissed at the arraignment!  Neither Mr. Calvin Cummings nor Jonathon Cummings have access to any weapons or ever used weapons.

    The Government also seeks the Court to draw a negative inference as to Jonathon's dangerousness based on amorphous "evidence" that a phone "associated"(whatever that means) with his brother Calvin had a connection (??) to defendant Laquan Parrish. *See* Gov't Ltr. at 2. This attenuated non-evidence only serves to demonstrate the weakness of the Government's opposition to the proposed amendment to Mr. Cummings' conditions of bail. In any event, Ms. Cummings advised that her son Calvin can stay at his girlfriend's home for the holiday week-end but that she would like her son Calvin to stop by her home on her birthday for a short while to wish her a happy birthday.

    Finally, we address two collateral points raised by the Government. Mr. Cummings, on notice to his pretrial officer, met with counsel at her office in New York. He drove from school and when he arrived at his mother's home, it was clear that his vehicle was in such disrepair that it must go into the garage for emergency repair. Ms. Cummings accompanied her son to my office. When we found out that Mr. Cummings'car was not ready, in as much as, Ms. Cummings had to go to work, we asked his pretrial services officer, due to the emergency, to allow Mr. Cummings to stay at his mother's home and then pick up his car in the morning and drive back to school. That is exactly what Mr. Cummings did. Notably, the community survived Mr. Cummings overnight stay.  Not sure what the Government would have had Mr. Cummings do under the circumstances.

  Mr. Cummings is not enrolled in classes for the summer as was originally intended. Due to unforseen expenses, Ms. Cummings could not afford the cost of the summer courses. Mr. Cummings is attempting to find employment and we have asked his pretrial service officer if upon notice Mr. Cummings could pursue employment interviews.

  In short, the temporary amendment to the conditions of bond as requested, hardly change the bond as ordered which included conditions that reasonably assure Mr. Cummings' appearance in court and assure the safety of the community. Accordingly, we respectfully request that the Court grant Mr. Cummings' request for an amendment to his conditions of bond to allow him to go home for the holiday week, from July 2 through July 5$^{th,}$ and to allow him to participate in a backyard holiday barbeque on July 4th, upon notice to pretrial services of the exact hours he will be in the backyard of his home.

Respectfully submitted,
  /s/
Donna R. Newman
cc: All counsel via ECF
  Government Counsel via
  USPO Leo Barrios vis email
  Jonathan Cummings via email
  Josephine Cummings via email