**STEVEN R. KARTAGENER**
ATTORNEY AT LAW

THE WOOLWORTH BUILDING
233 BROADWAY - SUITE 2340
NEW YORK, NEW YORK 10279

TELEPHONE (212) 732-9600
FAX (212) 732-6966
EMAIL SRK@KARTLAW.COM

**BY PACER**

January 17, 2017

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                           RE:    *United States v. Williams Rodriguez*
                                       <u>Dkt. No. 16 CR 212-42 LAK</u>

Dear Judge Kaplan:

      I represent defendant Williams Rodriguez (hereinafter "defendant") in the above-referenced case. At this time, defendant stands before the Court ready to be sentenced on his conviction for Conspiracy to Distribute Marijuana, 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C). Defendant is 34 years old, and he has never before been arrested. Consequently, defendant's Criminal History Category is 1. See Pre Sentence Investigation ("PSI") P. 7, para. 8. Defendant's PreTrial Services Officer, Joshua Rothman, reports that defendant has been thoroughly compliant with the terms of his pretrial release for the entire time that he has been at liberty on home detention. See PSI, Para. 10. The parties have agreed that defendant is facing a stipulated Guidelines Range of between 60 and 80 kilograms of marijuana, resulting in a total offense level of 17. While defendant understands that he is responsible for enhanced marijuana weights attributable to his coconspirators, he respectfully asserts that the amount of marijuana that he actually sold was in the range of approximately two kilograms. In all events, however, defendant has no wish to challenge the amounts of marijuana attributed to him personally. See PSI, P. 15, paras. pp. 45-46.

      Based on the foregoing, defendant's Guidelines Range is 24-30 months, and the Probation Department recommends a sentence of 24 months. PSI p. 25. The parties' plea agreement, however, allows defendant to argue for a more benign sentence:

The Honorable Lewis A. Kaplan
United States District Judge
Page 2

> "The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)."

Based upon that agreement, and for the reasons that follow, defendant respectfully urges this Court to grant him a variance downward to time served. We believe (and hope) that we will be able to convince this Court that since defendant's release on bail in August, 2016, defendant has manifestly demonstrated that he has taken extremely positive steps to get his life back on track.

To begin, this Court may recall that after defendant was initially bailed, he stayed out of trouble every day by spending a substantial amount of time at home tending to his blind mother, who was beginning to show signs of Alzheimer's Disease. Later, at the time of defendant's guilty plea, this Court was sufficiently impressed by defendant's positive steps taken that the Court opted to allow defendant to remain at liberty pending sentence. While at liberty, defendant put his time to good use, in addition to tending to his mother, by finding employment at two excellent jobs. For, it seems that defendant has excellent skills as a baker.

First, defendant took a job with Zaro Bakery in the Bronx. Defendant has been informed by the owner of Zaro's that defendant will be granted permanent placement if he is not sent to prison. Additionally, defendant has strongly impressed the owner of Bronx Baking Companys, defendant's second new job, so much so that defendant is being offered an excellent new job at that baking company as well. Alexis Faraci, the owner of Bronx Baking Co., writes about defendant's excellent skills and future opportunities:

> "I have employed William Rodriguez at Bronx Baking Co. since November 1. I actively recruited him from Zaro Bakery where I trained him to make pretzels. He has been a great addition to my small team and I'm very glad to have him here. I recruited Will because he has a variety of soft skills that employers like me need. As a small shop I need anyone who works for me to be able to fill multiple roles.

> "Will is a careful baker, and with my artisan product, that is important. Its production is tricky and is something that needs to be practiced. He is proficient at executing the product at every stage. He pays attention to the details of what ever he is working on and always provides feedback to me when necessary. He asks good questions and has proven that he really understands the intricacies of working with the product.

> "Will takes direction very well. He also absorbs, retains and uses any new information I give them. As a growing business there is always something changing and I don't need to worry that he won't keep up.

> "He is flexible in his roles. If Will stays on with Bronx Baking Co. I would like him

The Honorable Lewis A. Kaplan
United States District Judge
Page 3

> to help me with social media. I would also ask him to get his food handlers license so that when we grow he can take over training new hires or management of a shift. His friendly, open attitude would also do great with customer interface if we open a retail location. He is an active learner and I can see him in so many roles here.
>
> "I have trained many people at my previous bakery and Will is the only one I invited to come with me. As stated earlier the team at the Bronx baking is small. Running a small business in NYC is so difficult and hiring is among the most difficult tasks. I could not easily replace Wills experience and work ethic. I'm strongly urging you to consider what an asset he is to me, and this growing business as well as the workforce at large. Please let him stay with us."

See Letter of Alexis Faraci, Owner Bronx Baking Co..

Defendant is eager to pursue these opportunities, and he is dedicated to the notion of becoming an excellent employee. Defendant so much hopes to become a legitimate businessman, not a marijuana dealer. Obviously, a two-year stint in prison will only serve to render defendant's hopes and plans a shambles. Defendant has attempted to put his own sincere, remorseful words into a letter to the Court:

> "I am writing this letter to express my sincere regret for the poor decisions I have made in my life that led to my arrest. I acknowledge them now, and I clearly see that the actions that I took were very harmful to not only myself but more importantly to my family, friends and community.
>
> "Since my arrest I have put all of my effort and energy into turning my life around. As soon as I was bailed, I was able to get a job. I started working for Zaro's as a baker. After several months there I was able to [get a] second job where I am trusted as a key holder. These jobs have given me a sense of purpose and direction in living in a more productive and useful life.
>
> "My family and friends have given me another chance and have been fully supporting. I'm working hard to do my part by contributing to the household. I'm also working on taking care of my health by going to therapy in order to continue to grow and stay on the right path."

See Letter of Williams Rodriguez, Defendant, dated December 5, 2016. (Additionally, there are some letters from defendant's family members, all of whom attest to defendant being a fundamentally decent man and family member. See letters of Diana Rodriguez, defendant's sister; Nancy Nunez, defendant's cousin; Carmen Artavia, defendant's cousin.

The Honorable Lewis A. Kaplan
United States District Judge
Page 4

      In addition to the positive steps that defendant has taken to become a successful employee and future businessman, he wishes to inform the Court that he has successfully pursued mental health initiatives that have been very good for him. Defendant has passed all of his drug tests, and he has successfully completed a series of group sessions at Odyssey House. He has also been successful in the counseling sessions he attends every Wednesday evening at the Riverdale Mental Health Assn, in the Bronx.

      Measured against the sentencing factors set for in 18 USC § 3553(a), we respectfully submitted that the confluence of circumstances now in defendant's favor supports the type of variance for which we respectfully plead. Allowing defendant to reap the benefits that he has strived to achieve would, we believe, provide defendant with a truly just sentence.

                                           Respectfully submitted,

                                           Steven R. Kartagener