LAW OFFICE OF
# JESSE M. SIEGEL
The Woolworth Building
233 Broadway, Suite 707
New York, New York 10279

(Tel) 212-207-9009
(Fax) 212-732-1339

JesseMSiegel@aol.com

June 30, 2017

**BY ECF**

Hon. Leon A. Kaplan, District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

**Rule 32 Sentencing Memorandum in the Matter of**
*United States v. Wayne Leon,* 16 Cr. 212 (LAK).

Dear Judge Kaplan:

Wayne Leon's mother, Tanesia Dawkins, a hardworking immigrant from Jamaica, raised her children to work hard and toe the line. When, as a teenager, Wayne started hanging around with the wrong crowd and getting in trouble, she sent him to live with her mother in Florida, where he graduated from high school on time, and with a 3.0 GPA.

Immediately upon returning to live with her in the Bronx in June 2013, Wayne began working as an overnight stocker at BJ's Wholesale Club, where he worked for about four months, followed by jobs at Pizza Hut and Staples. When arrested in this case, in April, 2016, he was working two jobs, in the deli in Best Yet Market and, for a second growing season, as a representative of Scott's Miracle-Gro in Home Depot. After 21 days in detention, the Magistrate Court released him on conditions that included home confinement and did not permit him to work; as a result, he lost those two jobs. (Presentence Report ("PSR") ¶¶81-85.)

Relieved of home confinement upon pleading guilty in January, 2017, Wayne tried to return to Miracle-Gro for a third season, but could not because the company was aware of this case. He started working as a delivery driver for Amazon in March on a temporary basis, but lost the job when his background check came back and revealed this case. Persevering, he began working in Costco about a month ago; although ostensibly part-time, he showed himself to be a good worker and has been given between 30 and 40 hours per week the last couple of weeks.

Only 22 years old, Wayne is to be sentenced on July 19th at 3:00 p.m. for selling

Hon. Leon A. Kaplan
June 30, 2017
Page 2

marijuana as part of a racketeering conspiracy. We respectfully request the Court follow Probation's recommendation and sentence Wayne to a below-guidelines sentence of time served[1]. In addition to currently holding a job, he is similarly situated to co-defendants the Court has sentenced to time served (except, unlike some, Wayne actually served time, as he was detained for 21 days before being released on bail). Further, he spent almost eight months on home confinement before that restriction was lifted.

For all these reasons, we submit a sentence of time served would be "sufficient, *but not greater than necessary*" to achieve the purposes of sentencing set forth in Title 18, United States Code, section 3553(a)(2). 18 U.S.C. § 3553(a) (emphasis added).

## **PERSONAL BACKGROUND**

Wayne Leon, a young man of 22 years, was born in Mandeville, Jamaica, the third of four children born to Tanesia Dawkins and Wayne Leon. Wayne has not had contact with his father since he was four years old. His mother moved to the United States with his younger brother, Deshun, when Wayne was about six, but could not afford to take all her children at that time. Wayne and his older brother, Chadoy, remained in Jamaica, where they were raised by their great aunt, until Wayne was about ten, while his sister was sent to live in Florida with her maternal grandmother. (PSR ¶¶62-65.)

Ms. Dawkins was financially able to reunite her family in the Bronx when Wayne was ten, thanks to her work as a cashier at Costco, a job she still holds. Like Wayne, Ms. Dawkins' other children inherited her dedication to hard work; Chadoy, now 24, works for Herbalife, while Shadoy, 23, works for Whole Foods and is a student at LaGuardia Community College. (Deshun is finishing his senior year at a high school in Florida, where he lives with Ms. Dawkins' mother.) Wayne's family is extremely close; except for Deshun, they live and socialize together. (PSR ¶67.)

At the age of 16, Wayne was assaulted by a group of students while attending school in the Bronx. When the school refused his request for a transfer, Wayne decided to drop out. Ms. Dawkins had other ideas, and sent him to live with her mother in Ocala, FL. There, he took up weightlifting, and graduated from high school with a 3.0 GPA, at the age of 18. (PSR ¶¶68-69, 79-80.)

Wayne continues to live with his mother and older siblings in the Bronx. Ms. Dawkins describes him as a "'smart, hard-working and a well-mannered young man,'" who, before being arrested, worked, helped provide for his family, and did whatever tasks his mother asked him to

---

[1] In their plea agreement, the parties stipulated Wayne's advisory guidelines range is 21 to 27 months, at offense level 19 in criminal history category I, and Probation concurs.

perform. She says his arrest hurt the family and has caused them stress and emotional and financial difficulties. (PSR ¶72.)

Wayne has no criminal record, but was convicted of criminal possession of marijuana, a violation, at the age of 16. (PSR ¶56.) He began smoking marijuana at about 13 or 14, and it became a daily habit. Yet, he believes he does not need treatment, as he is able to refrain from smoking on his own; he has not tested positive while on pretrial supervision, which he began May 18, 2016. (PSR ¶¶76-78.)

## THE OFFENSE, CHARGES AND GUILTY PLEA

Wayne Leon was arrested on April 27, 2016, and charged by indictment, with 56 co-defendants, in connection with his involvement in a Bronx-based racketeering conspiracy. He was detained on that date, and remained in custody until May 18, 2016, when he was released on bail conditions including home confinement with electronic monitoring. Although he had been working two jobs when arrested, the Magistrate Court did not permit him to leave his home to work as part of it's release order.

On December 21, 2016, Wayne pled guilty to conspiring to sell marijuana as part of the racketeering conspiracy, in violation of Title 18, United States Code, section 1962(d), and Title 21, United States Code, sections 841(b)(1)(C) and 846, pursuant to a written plea agreement with the government. In the agreement, the parties stipulated that the offense involved at least 20, but less than 40, kilograms of marijuana[2]. The parties further stipulated that Wayne's base offense level was 19 because the marijuana was sold as part of the racketeering conspiracy (otherwise, it would have been 16), his total offense level was 16, and his advisory sentencing guidelines range, in criminal history category I, was 21 to 27 months. (PSR ¶8.)

## THE PRESENTENCE REPORT

The sentencing guidelines calculation in the PSR comports with that in the parties' plea agreement. (PSR ¶¶45-54, 58, 91.)

Probation recommends the Court impose a below-guidelines sentence of time served, and a three-year term of supervised release, with a special condition that he be required to perform 200 hours of community service. Probation notes they are "puzzled by his participation in this serious crime because he presents himself to be an intelligent and responsible young man who is surrounded by a loving and supportive family," that he has complied with "stringent" terms of

---

[2] This represents the quantity of marijuana that was reasonably foreseeable to Wayne would be sold by the conspiracy, not the quantity sold by Wayne.

Hon. Leon A. Kaplan
June 30, 2017
Page 4

pretrial release, and that his "cooperative attitude … suggests that [he] can be successful under community-based supervision." Probation does not believe a custodial sentence is warranted, as Wayne "has been compliant under community-based supervision, gives the impression that he wants to be a fruitful person in his community, and maintains positive familial relationships." They suggest he be required to perform 200 hours of community service "to repay the community for his criminal actions."  (PSR at 29-30.)

## OBJECTION TO THE PRESENTENCE REPORT

The PSR twice incorrectly states Wayne "is responsible for distributing between 40 and 60 kilograms of marijuana." (PSR ¶38; page 29, "Justification".)  The parties stipulated that he is responsible for distribution of at least 20 but less than 40 kilograms, and the PSR correctly notes this when calculating his offense level. (PSR ¶¶8, 45.)  Further, as noted, this is the quantity that was reasonably foreseeable to him the conspiracy would distribute and for which he is held responsible, not the quantity he himself distributed.

## LETTERS

Attached hereto as **Exhibit A** are letters from Wayne's aunt and uncle, which we ask the Court to review in connection with sentencing.

## SENTENCING UNDER SECTION 3553

The Court is required to impose a sentence that is "sufficient, *but not greater than necessary*" to achieve the purposes of sentencing set forth in Title 18, United States Code, section 3553(a)(2).  18 U.S.C. § 3553(a) (emphasis added).  The Second Circuit has underlined this requirement: "Plainly, if a district court were to explicitly conclude that two sentences equally served the statutory purpose of §3553(a), it could not, consistent with the parsimony clause, impose the higher." *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).  Thus, a sentencing court is to impose the *shortest sentence* that achieves the purposes of sentencing.

In determining a sentence, the Court shall consider the factors set forth in section 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to promote just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Second Circuit has emphasized, "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in Section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised." *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006).

We respectfully submit a sentence of time-served and three-year term of supervised release, without community service, would be sufficient to achieve the purposes of sentencing set forth in Title 18, United States Code, section 3553, in light of: the young age at which he committed the offense; his history of hard work and familial support, which make it unlikely he will recidivate; the fact that he is currently working, and might lose another good job if he is incarcerated; and the sentences imposed on similarly-situated co-defendants. For all these reasons, we further submit a custodial sentence would be "greater than necessary," and actually counter-productive.

**<u>The history and characteristics of the defendant.</u>**

While no excuse for his involvement in this offense, it can hardly be doubted that the bad decision Wayne made to participate in this conspiracy was a direct result of the area in which he lived and the people he interacted with as a result of living there. He went to school with many of them and some of his codefendants had been his friends for many years.

Moreover, he was extremely young at the time he was involved in this offense, and is still only 22 years old. While old enough to be treated as an adult, such a young person does not have the maturity and life experience of an older person, and cannot be expected to exhibit the judgment of an older person. *See, Gall v. United States*, 552 U.S. 38, 57-58 (2007); *Johnson v. Texas*, 509 US 350, 367 (1993); U.S.S.G. section 5H1.1.

Nonetheless, Wayne has impressed many adults, including Probation (and the undersigned) as an intelligent, thoughtful, hard-working and responsible young man. He took his

Hon. Leon A. Kaplan
June 30, 2017
Page 6

responsibilities under supervision seriously and returned to work as soon as he was permitted.

In short, Wayne's personal characteristics provide much reason to hope that he will leave his youthful mistakes behind and return to being the type of person of whom his mother can be proud.

**The nature and circumstances of the offense.**

We do not mean to minimize in any manner the seriousness of the offense to which Wayne pled guilty. There can be no question that drugs – even marijuana - can have a tremendously negative effect on individuals and communities and, sometimes, lead to horrible and tragic consequences. But Wayne was a low-level participant in criminal activity which, unfortunately, is all too common in the area in which he was raised.

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to promote just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

Given the length of sentences commonly imposed in federal court, it is easy to lose sight of the fact that, for some individuals, incurring a felony conviction and spending any period of time in custody is a very significant punishment. Here, Wayne, who had never spent any time in jail, was in custody for 21 days before being released, following which he was on home confinement for almost eight months. As a result of simply being charged, he lost two jobs, and he lost another after the fact that he had pled guilty in this case came out in a background check. He will be hampered by this felony conviction for the rest of his working life, a significant punishment for someone as hard-working and ambitious as Wayne. We submit that, under these circumstances, a sentence of time served would be sufficient to recognize the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, and provide general and specific deterrence.

**The need to avoid unwarranted sentencing disparities.**

A sentencing court is also to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. section 3553(a)(2)(6). Here, the Court has imposed sentences of time served on 13 similarly-situated co-defendants: Lloyd Rodriguez, Shawn Walker, Travis Thompson, Kareem Sanders, Jonathan Cummings, Robert Miles, Andrew Moncrieffe, Gary Arrington, Williams Rodriguez, John Alvarez, Courtney Green, Vaughn Washington, and Robert

Hon. Leon A. Kaplan
June 30, 2017
Page 7

Munoz. Our understanding is that most, if not all, of them primarily sold marijuana, like Wayne.

There are two factors making a sentence of time served even more appropriate for Wayne compared to them. First, Wayne actually served time – 21 days – before being placed on home confinement for almost eight months, whereas at least some of these codefendants did not serve any time. Second, we understand that some of these codefendants were held responsible for greater quantities of marijuana than Wayne; Wayne was held responsible for 20 to 40 kilos, whereas some of the others were responsible for 40 to 60 kilos.

Finally, we request the Court not require Wayne to perform 200 hours of community service, as recommended by Probation. He currently works part time at Costco, but, because he is such a good worker, has been getting more shifts recently. The obligation to schedule and perform community service will interfere with the flexibility he needs to be able to accept additional shifts and, hopefully, work his way into a full time position. We submit the community will be better served if he is able to pursue employment, for which he has a real aptitude, which will ensure that he will not return to criminal activities.

## **CONCLUSION**

For the foregoing reasons, we respectfully request the Court sentence Wayne Leon to a sentence of time-served and three-year term of supervised release.

Very truly yours,

/s/
Jesse M. Siegel