U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 10, 2017

**BY ECF AND EMAIL**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States* v. *Preston Pasley*,
            16 Cr. 212 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter in response to the letter submitted yesterday by the defendant Preston Pasley (the Letter"), which argues that the Government somehow breached its plea agreement by seeking a sentence within the Guidelines range to which the parties stipulated in their plea agreement (the "Plea Agreement").  This argument is frivolous and should be rejected out of hand.

      As the Court is aware, the parties stipulated to a Guidelines range of 97 to 121 months' imprisonment in the Plea Agreement.  As the Government noted in its sentencing submission, the Presentence Report Prepared by the United States Probation Office (the "PSR") arrives at a different calculation—108 to 135 months' imprisonment—in light of a juvenile adjudication of Pasley's not included in the Plea Agreement. (Pasley correctly points out that the parties were aware of the adjudication at the time of Pasley's bail proceeedings in Magistrate Court because it appeared in the Pretrial Services Report, but it was not on the defendant's main criminal history report upon which the parties relied in preparing the Plea Agreement and neither party noticed this discrepancy before the plea was entered.)  In its sentencing submission, the Government did not address the propriety of the PSR's calculation of the Guidelines range in order to avoid running afoul of the decision of the Second Circuit in *United States* v. *Kilpatrick*, -- Fed. App'x ---, 2016 WL 6518802, at *3 (2d Cir. Nov. 1, 2016) (holding that Government breached plea agreement by bringing an error in the parties' Guidelines calculation to the attention of the Court).  As the Government stated in its sentencing submission, the Government is prepared to address this issue upon inquiry of the Court.

      As there is no applicable mandatory minimum, the Plea Agreement—as is customary— explicitly affords both parties the right to seek any sentence between time served and the statututory maximum of 20 years' imprisonment, pursuant to the statutory sentencing factors.

(*See* Plea Agreement at 3 ("The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).")).  This, presumably, was the provision upon which Presley relied in seeking a sentence of 41 months' imprisonment—drastically below the stipulated Guidelines range. In its sentencing submission, the Government seeks a sentence within the range of 108 to 121 months' imprisonment pursuant to the factors in Title 18, United States Code, Section 3553(a).  Although the Government could have sought any sentence up to 20 years, this range happens to be within the Guidelines range to which the parties stipulated, so Presley's claim of a breach is particularly confounding.

      The claim should be rejected.

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney

By: ___/s/_____
      Rachel Maimin
      Assistant United States Attorney
      (212) 637-2460

cc: Richard Palma, Esq.