**RICHARD PALMA**
ATTORNEY AT LAW
11 PARK PLACE - SUITE 1715
NEW YORK, NEW YORK 10007

MEMBER OF THE BAR
NEW YORK & FLORIDA

TEL. (212) 686-8111
FAX. (212) 202-7800
E-MAIL: rpalma@verizon.net

July 18, 2017

**ECF & USPS Mailed**

Honorable Lewis A. Kaplan, U.S.D.J.
United States Courthouse for S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

**Re:  *United States v. Preston Pasley, Dkt. No. S1 16 Cr. 212 (LAK)
Defense Reply to Government's July 14th Sentencing Memorandum,
Government is in Breach of its Plea Agreement.***

Dear Judge Kaplan:

As the Court may be aware, Mr. Pasley rendered his guilty plea, and waived his right to appeal, in reliance on representations the Government made in its October 28, 2016 plea agreement.   That agreement determined his total offense level to be 29 which, in his Criminal History Category of II, yielded a guideline range of 97 to 121 months.  **See, October 28, 2016 Plea Agreement at p. 3.**  *("Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 97 to 121 months' imprisonment (the 'Stipulated Guidelines Range').")* Probation, however, came to a different guidelines conclusion finding Mr. Pasley's Criminal History Category is III, **PSR ¶¶103 – 104 & 106,** which

**Page 2**
**Honorable Lewis A. Kaplan, U.S.D.J.**
**July 18, 2017**

renders a range of 108 – 135 months.   It recommended a sentence at the lower end

of this guidelines range. **Id. p. 37.**

    While the Government, in its plea agreement, pledged not to seek an

adjustment pursuant to the guidelines, it now argues in its Sentencing

Memorandum for "a sentence within *the* Guidelines range" of 108 (rather than the

stipulated 97) to 121 months. (Emphasis added). In pertinent part the agreement

reads:

> The parties agree that neither a downward nor an upward departure from the
> Stipulated Guidelines Range set forth above is warranted. Accordingly, neither
> party will seek any departure or adjustment pursuant to the Guidelines that is
> not set forth herein. Nor will either party in any way suggest that the Probation
> Office or the Court consider such a departure or adjustment under the
> Guidelines. The parties agree that either party may seek a sentence outside of
> the Stipulated Guidelines Range based upon the factors to be considered in
> imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

**Plea Agreement p. 3**

    Although it has done so with less than its customary candor, the Government

does acknowledge the inconsistency.   **See Government Memorandum p.**

**3.** (*"The parties agree that his offense level is 29. The Government is prepared to*

*address the discrepancy between the Guidelines range calculated by the Probation*

*Office and in the parties' plea agreement upon inquiry of the Court."*)

**Page 3**
**Honorable Lewis A. Kaplan, U.S.D.J.**
**July 18, 2017**

While it is within the stipulated guideline range, I believe that, by arguing for a

108-month so called "guidelines" sentence, **Government Memorandum at pp. 1**

**& 3,** a sentence that is 11 months above the low end of the 97 - 121

month stipulated guideline range and one that precisely coincides with Probation's

CHC III guidelines recommendation of 108 months, the Government is violating

its plea agreement.[1]  Because Defendant has bargained away his right to appeal,

this Court may well be the final arbiter of that claim.    To that end, I briefly restate

the law in this area.

**The Standard Of Review For Claims Of Plea Agreement Breaches.**

The Court of Appeals for the Second Circuit reviews interpretations of plea

agreements *de novo* and in accordance with principles of contract law.  **United**

**States v. Griffin, 510 F.3d 354, 360 (2d Cir. 2007)**(citations omitted).   To

determine whether a plea agreement has been breached, it looks to the reasonable

understanding of the parties as to the agreement's terms. **Id.**   *"Because the*

*government ordinarily has certain awesome advantages in bargaining power, any*

---

[1] In support of its purported 3553(a) recommendation, the Government claims
prior ignorance of Mr. Pasley's robbery conviction. **Government Memorandum
p. 5.** However, in its June 30, 2016 letter opposing bail, the Government said *"...
in 2006, Pasley was adjudicated a youthful offender for Second Degree Robbery,*

**Page 4**
**Honorable Lewis A. Kaplan, U.S.D.J.**
**July 18, 2017**

*ambiguities in the agreement must be resolved in favor of the defendant.”* **Id.**
*“Where plea agreements are involved, the government must take particular care in*
*fulfilling its responsibilities.”* **Id**.

 *“Whether the government breaches a plea agreement by making allegedly*
*impermissible comments to the sentencing court has been the subject of substantial*
*discussion in this Circuit.”* **Griffin, 510 F.3d at 360**.  This Court's *“cases have*
*not yielded a bright-line rule as to the leeway the government has with respect to*
*what it tells the court while operating under such an agreement”*.  **Id.**  *“Each case*
*turns on its facts, and the number of significant variables potentially in play in*
*such an inquiry is enormous.”*  **United States v. Habbas, 527 F.3d 266, 272 (2d**
**Cir. 2008).**  Good faith on the government's part is perhaps the most critical of
those variables.  **Id**. *“The circumstances must ... be carefully studied in context,*
*and where the government's commentary reasonably appears to seek to influence*
*the court in a manner incompatible with the agreement, [this Court] will not*
*hesitate to find a breach, notwithstanding formal language of disclaimer.”* **Griffin,**

---

*and sentenced to five years' probation”*. **p. 5**. I do not expect that the Government
will pursue this argument at sentencing.

**Page 5**
**Honorable Lewis A. Kaplan, U.S.D.J.**
**July 18, 2017**

**510 F.3d at 360 (citing <u>United States v. Amico</u>, 416 F.3d 163, 167 n. 2 (2d Cir.**

**2005)**)(internal brackets omitted).

In sum, even if only to sidestep an issue that Mr. Pasley may be unable to

appeal, I ask that the Court sentence him as suggested in our July 5th sentencing

memorandum.

Thank you.

Respectfully submitted,

s/ Richard Palma

Richard Palma (Bar No. RP 4441)

CC: AUSA Rachel Maimen (via email)